UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2231 FMO (MANx) | Date | April 15, 2014 |
|---|---|---|---|
| Title | Evanston Insurance Company v. USA Far Ocean, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause re Dismissal or Stay

On March 24, 2014, Evanston Insurance Company ("plaintiff" or "Evanston") filed a complaint in this court against USA Far Ocean Group, Inc. ("Far Ocean") and Jian Hua Gu. (See, generally, Complaint). Subject matter jurisdiction is based on diversity jurisdiction. 28 U.S.C. § 1332. (See id. at ¶¶ 3-4). The complaint is one for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. (See id. at ¶ 1). Plaintiff is seeking a declaration of rights and obligations of the parties to an insurance policy issued by plaintiff to Far Ocean related to a pending state court class action lawsuit against Far Ocean. (See id. at ¶¶ 1, 9-55, 62-64). In addition to the claims for declaratory relief, plaintiff asserts a claim for recoupment, seeking recoupment of defense costs previously expended. (See id. at ¶¶ 56-61).

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a district court may decline to entertain a declaratory judgment action even if the court has subject matter jurisdiction. See Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 (1995) ("a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment[.]"); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S.Ct.1173, 1175 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act . . . it was under no compulsion to exercise that jurisdiction."). The district court has broad discretion to dismiss or stay a declaratory relief claim, but that discretion is not unfettered. See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc).

The Ninth Circuit continues to rely on the Brillhart framework for determining whether a district court should hear or dismiss a declaratory relief action. See Dizol, 133 F.3d at 1225 ("The Brillhart factors remain the philosophic touchstone for the district courts."). In making its determination whether to hear or dismiss a declaratory relief action, a district court should: (1) "avoid needless determination of state law issues"; (2) "discourage . . . forum shopping"; and (3) "avoid duplicative litigation." Id. "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." Id. at 1225 (citation omitted). "[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2231 FMO (MANx) | Date | April 15, 2014 |
|---|---|---|---|
| Title | Evanston Insurance Company v. USA Far Ocean, Inc., et al. | | |

general rule, remand or decline to entertain the claim for declaratory relief." Dizol, 133 F.3d at 1225.

Accordingly, IT IS ORDERED that:

1. No later than **April 21, 2014**, plaintiff shall show cause in writing why this action should not be dismissed or stayed under Brillhart and Dizol. Counsel should be sure to address the first factor identified above – the needless determination of state law issues, and the effect, if any, of the recoupment claim on the determination whether to dismiss or stay the action. Failure to submit a response by the deadline set forth above may be deemed consent to the dismissal of the action without prejudice. Defendants may submit a response in the same time period.

2. A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**. All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5. Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |